IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOUIS OLIVEROS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV135 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| BNSF RAILWAY COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant BNSF has filed a motion in limine (Filing 43) to exclude the opinion testimony of Plaintiff's expert, Alan Blackwell, under Fed. R. Civ. P. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), arguing that Blackwell's opinions about lighting and vegetation will not assist the trier of fact; his opinions about subsequent remedial measures are inadmissible under Fed. R. Evid. 407; his opinions about alternative crew change locations are inadmissible as "safer alternative methods" under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51, *et seq.*; and his opinions about ballast are precluded by 49 C.F.R. § 213.103. (Filings 43-1 & 46, Def.'s Briefs Supp. Mot. Lim.)

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The screening requirement of Rule 702 has been boiled down to a three-part test:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014).

Blackwell is a professional railway consultant with 40 years of practical and specialized experience, training, and knowledge in the construction, maintenance, and inspection of railway track and roadbeds acquired through his 24 years of employment with the Missouri Pacific and Union Pacific Railroads and 15 years of consulting. (Filing 45-3, Aff. Alan Blackwell; Filing 45-4, Blackwell Curriculum Vitae.) My rulings on BNSF's objections to Blackwell's opinion testimony are as follows:

■ Blackwell's opinion testimony regarding vegetation and lighting are clearly relevant because Plaintiff has alleged that BNSF was negligent by failing to remove vegetation and to provide adequate overhead lighting, and those issues remain controverted in the Final Pretrial Conference Order. (Filing 76, Order on Final Pretrial Conf. at CM/ECF p. 2 ¶¶ 3(i) & (k).) This portion of BNSF's motion in limine shall be denied.

■ To the extent Plaintiff plans to use Blackwell to establish negligence by virtue of the fact that after the date of Plaintiff's fall, BNSF sent out a general notice designating crew change locations that were equipped with stairs and mowed vegetation within the right of way, such testimony is inadmissible under Fed. R. Evid. 407 ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . .

negligence"). However, because such evidence may be admitted for other purposes, such as impeachment, I shall deny this portion of the motion in limine without prejudice to its reassertion during trial, where I can determine if an exception to Rule 407 applies as the evidence is presented.

■BNSF objects to Blackwell's opinions about alternative crew change locations because they are inadmissible as "safer alternative methods" under FELA. The opinion BNSF appears to reference is Blackwell's observation that, "The first crossing west of the incident . . . provided a level and convenient place to change crews and Mr. Oliveros states that he had performed crew changes at that location numerous times." (Filing 45-8 at CM/ECF p. 4.) The facts that there was an alternative flat grade crossing nearby, and that it was BNSF's past practice to use that grade crossing as a crew-change location before Plaintiff's accident, are relevant in assessing BNSF's negligence in allowing the crew change to occur where Plaintiff was injured. *Stone v. New York, C., & St. L. R. Co.*, 344 U.S. 407, 408 (1953) (FELA case referring to evidence of four alternative methods used to remove stubborn railroad ties; question of whether railroad supervisor should have directed workers to "use[] another or different method to remove the tie or [whether] failing to do so was culpable" was "a debatable issue on which fair-minded men would differ," and existence of alternative methods was part of "the situation to be appraised in determining whether respondent was negligent"); *Ybarra v. Burlington N., Inc.*, 689 F.2d 147, 150 (8th Cir. 1982) ("When the evidence shows that the railroad customarily does not enforce a safety rule, the jury is entitled to consider whether that custom constituted negligence and whether it caused, in whole or part, the plaintiff's injury."). Accordingly, this portion of BNSF's motion in limine shall be denied.

■Finally, BNSF argues that Blackwell's opinions about ballast are precluded by the railroad's alleged compliance with 49 C.F.R. § 213.103. Based on my prior order (Filing 92) denying BNSF's motion for summary judgment on the issue of

FELA/FRSA[1] preclusion, I shall deny this portion of the motion in limine. BNSF also objects to any portion of Blackwell's testimony that offers legal conclusions, such as BNSF's violation of railroad standards, safety rules, guidelines, statutes, or federal regulations. While Blackwell may testify as to the existence of industry practices or standards, he cannot opine on matters of law. "[E]xpert testimony on legal matters is not admissible." *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003)* (expert opinion as to whether insured helicopter was being operated in violation of FAA regulations, within meaning of policy exclusion, was inadmissible). Therefore, to the extent Blackwell plans to testify about legal matters, I shall grant BNSF's motion in limine.

Accordingly,

IT IS ORDERED that BNSF's motion in limine (Filing 43) to exclude the opinion testimony of Alan Blackwell is denied in part and granted in part as follows:

1. As to Blackwell's opinion testimony regarding vegetation and lighting, the motion in limine is denied without prejudice to reassertion at trial;

2. As to Blackwell's opinion testimony about subsequent remedial measures, the motion in limine is denied without prejudice to reassertion at trial;

3. As to Blackwell's opinion testimony about alternative crew change locations, the motion in limine is denied;

---

[1]FRSA refers to the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101, *et seq*.

4.      As to Blackwell's opinion testimony about ballast, the motion in limine
        is denied, but the motion in limine is granted insofar as Blackwell seeks
        to testify regarding legal matters.

DATED this 29th day of March, 2016.

                                        BY THE COURT:
                                        *Richard G. Kopf*
                                        Senior United States District Judge